UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

ORANGE PEEL ENTERPRISES, INC.                    Chapter 11

      Debtor.                                      Case No. 16-21023-EPK

_____/

## DEBTOR'S MOTION FOR ORDER AUTHORIZING
## DEBTOR TO PAY THREE CRITICAL VENDORS

Debtor Orange Peel Enterprises, Inc. (the "Debtor"), by and through its undersigned counsel and pursuant to 11 U.S.C. §§ 105 and 363(b)(1), requests Court authorization to pay the prepetition debts of three critical vendors in the aggregate amount of $9,403.11. In support of its Motion, the Debtor respectfully states as follows:

## BACKGROUND

1.      On August 9, 2016, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date"). Pursuant to Bankruptcy Code §§ 1107(a) and 1108, the Debtor is operating its business and managing its affairs as a debtor in possession. As of the date hereof, no trustee, examiner, or statutory committee has been appointed in this Chapter 11 case.

2.      The Debtor is in the business of formulation, manufacture, and wholesale distribution of health food products and supplements under the Greens+ brand.

## CRITICAL VENDORS

3.      As of the Petition Date, the Debtor owed the following debts to the following vendors who have each informed the Debtor that it will cease providing future services to the Debtor if such debts are not immediately paid:

a. **$746.60 -- Hunter Communications**. Hunter Communications is a Florida-based telecommunications installation, repair, and maintenance company that services the internet protocol telephone system currently installed in the Debtor business location. The Debtor has invested considerable time and expense in purchasing, configuring, and maintaining a telephone system for inbound and outbound sales. Hunter maintains a local technical staff that has unique knowledge of the Debtor's telephone system, minimizing telephone downtime and attendant loss of sales due to telephone downtime. Alternatives to Hunter Communications have been explored, but given Hunter's knowledge of the Debtor's systems, such alternatives are not feasible.

b. **$6,748.51 -- United Parcel Service**. United Parcel Service provides small package delivery services that are integrated into the Debtor's sales and accounting system. The use of alternative sources has been explored, including FEDEX and the United States Postal Service. Alternative vendors are cost prohibitive, would require a substantial investment in reprograming the sales and accounting system, would require staff training, and would result in disruption of the sales, accounting, and shipping processes.

c. **$1,914.00 -- SPS Commerce, Inc.** SPS Commerce, Inc. is a company that provides EDI (Eletronic Data Interchange) services for several major customers, use of its specific service is mandated by several major customers, and no alternative is available that is acceptable to those major customers. Discontinuation of the SPS service would result in a substantial loss of revenue.

## RELIEF REQUESTED AND LEGAL BASIS

4.      Through this Motion, the Debtor seeks authority to immediately pay the amounts owed to each of the above-listed vendors. These three vendors (the "Critical Vendors") are critical to operation of the Debtor's ongoing business and will cease to provide services to the Debtor if they are not afforded critical vendor status.

5.      The Debtor also requests that any Critical Vendor that the Court permits the Debtor to pay must continue, throughout the above-referenced bankruptcy case, to deal with the Debtor in the normal course of trade, as it did prior to the Petition Date so long as the Critical Vendor received notice of the Motion, the corresponding Order, and payment of its above-referenced debt. In the event a Critical Vendor fails to deal with the Debtor as described above, the Debtor seeks authority, in its discretion, to obtain relief from this Court to compel such Critical Vendor to comply with the terms and provisions of its pre-petition ordinary trade terms

or disgorge the payment received pursuant to this Motion.

6.    This Court may authorize the Debtor to pay pre-petition amounts owed to Critical Vendors pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code and the doctrine of necessity because: (a) such payments are necessary to the Debtor's reorganization process; (b) a sound business judgment exists in that the Critical Venders will refuse to continue to do business with the Debtor absent such payments; and (c) disfavored creditors will be at least as well off as they would be if such pre-petition payments were not authorized.

7.    11 U.S.C. § 105(a) provides the Court with broad authority and discretion to enforce the provisions of the Bankruptcy Code and essentially codifies the court's inherent equitable powers to adjust claims to avoid injustice or unfairness. *See Morgan v. U.S. (In re Morgan)*, 182 F.3d 775, 779 (11th Cir. 1999).  The 'doctrine of necessity', premised on such inherent equitable powers, "was first articulated by the United States Supreme Court in *Miltenberger v. Logansport, C. & S.W. R.Co.*, 106 U.S. 286 (1882)" and holds that a court has the "power to authorize a debtor in a reorganization case to pay pre-petition claims where such payment is essential to the continued operation of the debtor." *In re Ionosphere Clubs, Inc*., 98 B.R. 174, 176-77 (Bankr. S.D.N.Y. 1989).

8.    Yet, "the power conferred by section 105(a) is one to implement rather than override the other provisions of the Bankruptcy Code." *In re Tropical Sportswear Int'l Corp*., 320 B.R. 15, 19 (Bankr. M.D. Fla. 2005).

9.    However, section 363(b)(1) provides that a debtor in possession may use property, other than in the ordinary course of business, after notice and a hearing.  "[S]atisfaction of a pre- petition debt in order to keep 'critical' supplies flowing is a use of property other than in the ordinary course of administering an estate in bankruptcy." *Matter of Kmart Corp.*, 359 F.3d 866, 872 (7th Cir. 2004).

10.     Therefore, the Court may exercise its inherent equitable powers under section 105(a) to implement section 363(b)(1) and authorize the Debtor to pay the pre-petition debts of certain critical venders. *In re Tropical Sportswear Int'l Corp.*, 320 B.R. at 20.  The Court may exercise such power if:

> (i) the payments are necessary to the reorganization process; (ii) a sound business justification exists in that the critical vendor(s) refuse to continue to do business with the debtor absent being afforded critical vendor status; and (iii) the disfavored creditors are at least as well off as they would have been had the critical vendor order not been entered.

*Id*. at 17.

## DISCUSSION

11.     First, each of the Critical Venders listed above are indeed critical to the Debtor's reorganization prospects and survival as a going concern.  For the Debtor to successfully reorganize or successfully be sold as a going concern, it must maintain its existing logistical systems and its major customers. As set forth above, the three Critical Vendors are necessary to do so.

12.     Second, the proposed payments are necessary, and a sound business justification exists to pay the pre-petition claims of the Critical Venders, because each of the Critical Venders is indeed critical and each will each refuse to do business with the Debtor going forward if they do not receive such payments.

13.     Third, the loss of a future business relationship with any of the three Critical Venders would, as discussed above, jeopardize the Debtor's reorganization/going-concern sale prospects, which could cause the Debtor to liquidate on a piecemeal basis, thereby leaving the Debtor's non-critical vendor creditors worse off.    Therefore, disfavored creditors would be at least as well off if the Court authorized the requested payments than if it failed to authorize them.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order: (a) authorizing, but not directing, the Debtor to pay the aforementioned amounts to the Critical Vendors described above; (b) directing that each Critical Vendor so paid must continue to deal with the Debtor in the normal course of trade, as it did prior to the Petition Date; and (c) granting the Debtor any further relief that the Court deems appropriate and just.

Respectfully Submitted,

**SHRAIBERG, FERRARA, LANDAU & PAGE, P.A.**
Attorneys for Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047

By:  */s/ Bradley S. Shraiberg*
      Bradley S. Shraiberg
      Florida Bar No. 121622
      bshraiberg@sfl-pa.com
      Eric Pendergraft
      Florida Bar No. 91927
      ependergraft@sfl-pa.com

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service in this case on September 21, 2016.

      */s/ Bradley S. Shraiberg*