UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

ORANGE PEEL ENTERPRISES, INC.,                    Case No. 16-21023-EPK

      Debtor.                                              Chapter 11

_____/

**SUMMARY OF FIRST INTERIM APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL FOR
THE DEBTOR BY JASON BURATTI, ESQ. AND BURATTI P.A.**

1.      Name of Applicant: Buratti, P.A.

2.      Role of Applicant: Debtor's Special Counsel for Corporate Matters

3.      Name of Certifying Professional: Jason Buratti, Esq.

4.      Date Case Filed: August 9, 2016

5.      Date of Application for Employment: August 30, 2016 [ECF Nos. 31 and 66]

6.      Date of Order Approving Employment:  November 9, 2016 [ECF Nos. 64 and 70]

7.      Date of this Application:  December 20, 2016

8.      Dates of Services Covered: August 9, 2016 to December 15, 2016 .

9.      Last Monthly Operating Report Filed: November 23, 2016 [ECF No. 69]

10.     Funds in Estate Per Last Monthly Operating Report Filed: $209,130.55

**FEES:**

11.     Total Fee Requested for this Period (from Exhibit "1")     $65,897.50

12.     Balance Remaining in Fee Retainer Account, not yet Awarded     N/A

13.     Fees Paid or Advanced for this Period, by other sources     $0.00

14.     **NET AMOUNT OF FEE REQUESTED FOR THIS PERIOD**     **$65,897.50**

**EXPENSES:**

| | | |
|---|---|---|
| 15. | Total Expense Reimbursement Requested for this Period | $1,845.91 |
| 16. | Balance Remaining in Expense Retainer Account, not yet Received | N/A |
| 17. | Expenses Paid or Advanced for this Period, by other sources | $0.00 |
| 18. | **NET AMOUNT OF EXPENSES REQUESTED FOR THIS PERIOD** | **$1,845.91** |
| 19. | Gross Award Requested for this Period (#11 + #15) | $67,743.41 |
| 20. | **NET AWARD REQUESTED FOR THIS PERIOD (#13 + #17)** | **$67,743.41** |
| 21. | If Final Fee Application, amounts of Net Awards Requested in Interim Applications but not previously awarded: | N/A |
| 22. | If Final Fee Application, Estimated Fees and Costs through Confirmation of this case | N/A |
| 23. | Total Fees and Expense award requested | $67,743.41 |
| 24. | 20% Fee Award Holdback | ($13,179.50) |
| 25. | **Total Fees and Expense award request for immediate payment** | **$54,563.91** |

## HISTORY OF FEES AND EXPENSES

1. Dates, sources and amounts of retainers received: **N/A**

2. Prior Fee and Expense Awards:  **N/A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

ORANGE PEEL ENTERPRISES, INC.,                    Case No. 16-21023-EPK

     Debtor.                                            Chapter 11

_____/

### FIRST INTERIM APPLICATION FOR COMPENSATION
### AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL
### FOR THE DEBTOR BY JASON BURATTI, ESQ. AND BURATTI P.A.

Jason Buratti, Esq. and Buratti, P.A. (the "**Applicant**") special counsel for corporate matters for Orange Peel Enterprises, Inc. (the "**Debtor**"), applies for compensation for fees for services rendered and costs incurred in this chapter 11 proceeding from August 9, 2016 through December 15, 2016. This First Interim Application for Allowance of Compensation and Reimbursement of Expenses (the "**Application**") is filed pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016, Federal Rules of Bankruptcy Procedure, and meets all of the requirements set forth in the Guidelines incorporated in Local Rule 2016-1(B)(1). The Exhibits attached to this Fee Application, pursuant to the Guidelines, are:

     **Exhibits "1A and 1B"** – Summary of Professional Time;

     **Exhibit "2"** – Summary of Requested Reimbursements of Expenses;

     **Exhibit "3"**– The Applicant's complete time records, in chronological order, by date, for the time period covered by this Application. The requested fees are itemized to the tenth of an hour.

## I. THE GENERAL NATURE AND THE SERVICES RENDERED

1.      The Debtor is in the business of formulation, manufacture, and wholesale distribution of health food products and supplements under the Greens+ brand.

2.      On August 9, 2016, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "**Petition Date**").  Pursuant to Bankruptcy Code §§ 1107(a) and 1108, the Debtor is operating its business and managing its affairs as a debtor in possession.  As of the date hereof, no trustee, examiner, or statutory committee has been appointed in this Chapter 11 case.

3.      On November 9, 2016, the Court entered an order approving the Debtor's employment of the Applicant as the Debtor's special counsel for corporate matters.  This Application requests an interim award of compensation from the estate for the period August 9, 2016 through December 15, 2016 (the "**Application Period**").

4.      During the Application Period, the Applicant rendered extensive and necessary services for and on behalf of the Debtor.  Prior to the Petition Date, the Applicant represented the Debtor in private practice and has a long history with the Debtor and the Debtor's products and intellectual property.  A summary description of the services provided by the Applicant is summarized below as the basis for the fees requested herein:

      A.      **Case Administration:**   This chapter 11 proceeding has progressed smoothly with the Debtor acting as debtor in possession due to the Applicant's efforts. The Applicant had numerous communications with the Debtor and the Debtor's bankruptcy attorneys regarding the overall administration of this case.  The Applicant has assisted in formulating and reviewing the documents filed in this case.

B.   **Business Operations:**   The Debtor has continued—uninterrupted—to operate its business.  The Applicant spent a considerable amount of time working with the Debtor and the Debtor's bankruptcy attorneys to aid in the preservation and continued operation of the Debtor's business while in chapter 11.

C.   **Asset Disposition:**   From the outset of this case, the Debtor has been exploring a sale of its assets, and the Applicant has spent considerable time working with the Debtor, the Debtor's attorneys, and the Debtor's investment banker to further this end.

D.   **Financing/Cash Collections:**   The Debtor has also been exploring obtaining debtor in possession financing to fund a reorganization, and the Applicant has spent considerable time working with the Debtor, the Debtor's attorneys, and the Debtor's investment banker to further this end.

## II. EVALUATION OF SERVICES RENDERED BY THE APPLICANT

The Applicant believes that the requested fee of $65,897.50 for 196.8 hours worked is reasonable considering the principles stated in *Pennsylvania v. Delaware Citizens' Counsel for Clean Air*, 478 U.S. 546 (1986); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); and *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); and each of the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), made applicable to bankruptcy proceedings by *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), as follows:

1. The Time and Labor required;
2. The Novelty and Difficulty of the Services Rendered;
3. The Skill Requisite to Perform the Services properly;
4. The Preclusion of other Employment by the Professional due to Acceptance of the Case;
5. The Customary Fee;

6.   Whether the fee is Fixed or Contingent;
7.   Time Limitations imposed by the Client or Other Circumstances;
8.   The Amount involved and the Results obtained;
9.   The Experience, Reputation and Ability of the Professional;
10.  The Undesirability of the Case;
11.  The Nature and Length of the Professional Relationship of the client; and
12.  Awards in Similar Cases.

## THE TIME AND LABOR REQUIRED

The attached Exhibits show that the Applicant has devoted not less than 196.8 hours of time providing legal services to the Debtor from August 9, 2016 through December 15, 2016.

## THE NOVELTY AND DIFFICULTY OF THE SERVICE

The legal questions arising in the representation of the Debtor to date were not novel or difficult, but they did require knowledge of corporate law and the skillful application thereof.

## THE SKILL REQUISITE TO PERFORM THE SERVICES PROPERLY

In order to perform the legal services enumerated herein properly, substantive legal knowledge of corporate law, commercial law, and transactional law was required.

Jason Buratti, Esq. has been responsible for handling the matters for which the Applicant seeks compensation herein.  Mr. Buratti is an attorney licensed to practice law in the State of Florida.

## THE PRECLUSION OF OTHER EMPLOYMENT BY THE PROFESSIONAL
## DUE TO THE ACCEPTANCE OF THE CASE

The Applicant is aware of no other specific employment which was precluded as a result of its accepting this case; however, due to the time spent of this case, the Applicant was unable to devote that time to other matters, therein preventing the Applicant from billing and collecting fees in other cases.

## THE CUSTOMARY FEE

The rates charged by the Applicant as set forth in Exhibit "1" are customary for attorneys within the Southern District of Florida of similar skill and reputation.

For services of the type rendered herein where those services were performed for a private client, the Applicant would charge a reasonable fee for services rendered, on an hourly rate or, in addition, a contingent or fixed fee basis. The fee requested by the Applicant is comparable to those fees which would be charged to a private client for similar services rendered by the Applicant.

## FIXED OR CONTINGENT FEE

The rates charged by the Applicant as set forth in the attached exhibit are well within the range charged by attorneys in the Southern District of Florida of similar skill and reputation in the areas of bankruptcy and commercial law.

## TIME LIMITATIONS IMPOSED BY THE CLIENT OR OTHER CIRCUMSTANCES

The Applicant is not aware of any extraordinary time limitations imposed by the Debtor in this case. However, the case has required the Applicant to spend significant time in representing the Debtor.

## EXPERIENCE, REPUTATION AND ABILITY OF APPLICANT

The Applicant regularly represents operating companies in need of legal work corporate/commercial/transactional matters. The Applicant has a respectable reputation in the legal profession in the Southern District of Florida. The experience, reputation and ability of the Applicant are appropriate matters for consideration in determining the fee to be awarded.

## THE UNDESIRABILITY OF THE CASE

The Applicant did not and does not find it undesirable to represent this Debtor, or any party in any form of bankruptcy proceeding.

## THE NATURE AND LENGTH OF THE
## PROFESSIONAL RELATIONSHIP WITH THE CLIENT

The Applicant previously represented the Debtor as its corporate/commercial/transactional counsel and has put such knowledge and experience to use in the instant matter.

## AWARDS IN SIMILAR CASES

The amount requested by the Applicant is not unreasonable in terms of awards in cases of like magnitude and complexity. The fees required by the Applicant comport with the mandate of the Code, which directs that services be evaluated in the light of comparable services performed in bankruptcy cases in the community.

**WHEREFORE**, the Applicant seeks an interim award of: (a) fees in the amount of $65,897.50—with 80% of that amount, $52,718.00, payable to the Firm immediately—and (b) expenses in the amount of $1,845.91, and such other relief as this Court deems just and appropriate. The Applicant reserves the right to file a Supplemental Application for services rendered on behalf of the Debtor to the conclusion of Debtor's affairs.

**SHRAIBERG, FERRARA, LANDAU & PAGE, P.A.**
Attorneys for Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047

By:  */s/ Eric Pendergraft*
    Bradley S. Shraiberg
    Florida Bar No. 121622
    bshraiberg@sfl-pa.com
    Eric Pendergraft
    Florida Bar No. 91927
    ependergraft@sfl-pa.com

**BURATTI, P.A.**
Special Corporate Counsel for Debtor
7935 East Drive, Unit 804
North Bay Village, Florida 33141
Telephone: 954-683-1072

By:  */s/ Jason Buratti*
    Jason Buratti
    Florida Bar No. 73756
    jason@burattilaw.com

## <u>ATTORNEY CERTIFICATION</u>

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A)

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic noticing in this case on December 20, 2016.

By:*/s/ Eric Pendergraft*

## CERTIFICATION

1.      I have been designated by Buratti, P.A. (the "**Applicant**") as the professional with responsibility in this case for compliance with the "Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases" (the "**Guidelines**").

2.      I have read the Applicant's Application for Compensation and Reimbursement of Expenses (the "**Application**").  The Application complies with the Guidelines, and the fees and expenses sought fall within the Guidelines, except as specifically noted in this Certification and described in the Application.

3.      The fees and expenses sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

4.      In seeking reimbursement for the expenditures described on Exhibit "2," the Applicant is seeking reimbursement only for the actual expenditure and has not marked-up the actual cost to provide a profit or to recover the amortized cost of investment in staff time or equipment or capital outlay (except to the extent that the Applicant has elected to charge for in-house photocopies and outgoing facsimile transmissions at the maximum rates permitted by the Guidelines).

5.      In seeking reimbursement for any service provided by a third party, the Applicant is seeking reimbursement only for the amount actually paid by the Application to third party.

6.      The following are the variances with the provisions of the Guidelines, the date of each Court Order approving the variance, and the justification for the variance:  NONE.

**BURATTI, P.A.**
Special Corporate Counsel for Debtor
7935 East Drive, Unit 804
North Bay Village, Florida 33141
Telephone: 954-683-1072

By:   _/s/ Jason Buratti_
    Jason Buratti
    Florida Bar No. 73756
    jason@burattilaw.com

**EXHIBIT 1A**
**CUMULATIVE SUMMARY OF PROFESSIONAL TIME**

| Name (Partner or Associate) | Total Hours | Hourly Rate | Total Fee |
|---|---|---|---|
| Jason Buratti (August, September, and October 2016) | 119.3 | $325.00 | $38,772.50 |
| Jason Buratti (November and December 2016) | 77.5 | $350.00 | $27,125.00 |
| **TOTAL** | **196.8** | | **$65,897.50** |

**EXHIBIT 1B**
**SUMMARY OF PROFESSIONAL TIME**
**BY ACTIVITY CODE CATEGORY**

| Activity Code Category: Case Administration | | | |
|---|---|---|---|
| Name (Partner or Associate) | Total Hours | Hourly Rate | Total Fee |
| Jason Buratti (August, September, and October 2016) | 36.7 | $325 | $11,927.50 |
| Jason Buratti (November and December 2016) | 11 | $350 | $3,850.00 |
| **TOTAL** | **47.7** | | **$15,777.50** |

| Activity Code Category: Asset Disposition | | | |
|---|---|---|---|
| Name (Partner or Associate) | Total Hours | Hourly Rate | Total Fee |
| Jason Buratti (August, September, and October 2016) | 52.2 | $325 | $16,965 |
| Jason Buratti (November and December 2016) | 6.7 | $350 | $2,345 |
| **TOTAL** | **58.9** | | **$19,310** |

| Activity Code Category: Business Operations | | | |
|---|---|---|---|
| Name (Partner or Associate) | Total Hours | Hourly Rate | Total Fee |
| Jason Buratti (August, September, and October 2016) | 30.4 | $325 | $9,880 |
| Jason Buratti (November and December 2016) | 26.6 | $350 | $9,310 |
| **TOTAL** | **57** | | **$19,190** |

| Activity Code Category: Financing/Cash Collections | | | |
|---|---|---|---|
| Name (Partner or Associate) | Total Hours | Hourly Rate | Total Fee |
| Jason Buratti (November and December 2016) | 33.2 | $350 | $11,620 |
| **TOTAL** | **33.2** | | **$11,620** |

**EXHIBIT 2**

**SUMMARY OF REQUESTED TOTAL REIMBURSEMENT OF EXPENSES AND DISBURSEMENTS PREPARED IN ACCORDANCE WITH AND ALLOWANCE UNDER THE GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN THE SOUTHERN DISTRICT OF FLORIDA**

| Description | Amount |
|---|---|
| Photocopies, Printing, Postage, and Telephone Charges | $271.25 |
| Legal Research | $400.00 |
| Travel Expenses | $1,174.66 |
| **TOTAL:** | **$1,845.91** |

**EXHIBIT 3**

## Legal Invoice No. OPE-Ch11-001

| | |
|---|---|
| **Company:** | **Buratti P.A.** |

| | Start Date | End Date |
|---|---|---|
| **Working Dates:** | **8/9/2016** | **12/15/2016** |
| **Billing Rate:** | **See Below** | |

| Date | Project Name | Hours/Minutes Worked | Hourly Rate | Billing Amount |
|---|---|---|---|---|
| 9-31 Aug | See Billing Record | 31.7 | $325.00 | $10,302.50 |
| 1-30 Sept | See Billing Record | 46.2 | $325.00 | $15,015.00 |
| 1-31 Oct | See Billing Record | 41.4 | $325.00 | $13,455.00 |
| 1-30 Nov | See Billing Record | 51.9 | $350.00 | $18,165.00 |
| 1-15 Dec | See Billing Record | 25.6 | $350.00 | $8,960.00 |

### COSTS

| Date | Description | Amount | |
|---|---|---|---|
| 8/9/2016 | Travel Boca | $62.72 | $62.72 |
| 8/26/2016 | Travel Vero Beach/Sebastian | $106.79 | $106.79 |
| 8/27/2016 | Travel West Palm Beach/Vero Beach | $99.44 | $99.44 |
| 9/15/2016 | Travel West Palm Beach | $167.24 | $167.24 |
| 9/21/2016 | Travel West Palm Beach | $91.53 | $91.53 |
| 11/3/2016 | Travel Vero Beach/Sebastian | $96.05 | $96.05 |
| 11/4/2016 | Travel West Palm Beach | $110.18 | $110.18 |
| 11/17/2016 | Travel Boca | $55.94 | $55.94 |
| 11/30/2016 | Travel Vero Beach/West Palm Beach | $174.02 | $174.02 |
| to 11/30/16 | Office expenses (incl. Phone, Copies & Printing) | $271.25 | $271.25 |
| to 11/30/16 | Legal Research | $400.00 | $400.00 |
| 12/14/2016 | Travel Boca, WPB, Vero, Sebastian | $98.88 | $98.88 |
| 12/15/2016 | Travel Sebastian, WPB, Boca, NBV | $111.87 | $111.87 |
| to 12/15/16 | Office expenses (incl. Phone, Copies & Printing) | n/c | $0.00 |

| | | |
|---|---|---|
| | Total Due: | $67,743.41 |

**Make check payable to Buratti P.A.***
Send Payment to:
Attn: Jason Buratti
7935 East Drive, Unit 804
North Bay Village, Florida 33141

Bill to:
Jude Deauville, President/Director
Orange Peel Enterprises, Incorporated
2183 Ponce de Leon Circle
Vero Beach, Florida 32960
by email only

**Buratti P.A. Detailed Billing Record (Redacted)**

| Date | Time | Description |
|------|------|-------------|

8/9/16    2.7    Strategy meeting to go over post petition process with  Jude Deauville, Bambi Lowenstein, Bradley Shraiberg, Eric Pendergraft; subsequent planning meeting for task assignment for preparation of marketing deck, lists of suitors for stalking horse, and schedule completion

8/10/16    2.6    Work on research for suitor list; develop projects with team for suitors, marketing deck, schedules; research and analysis re ███████████████████████████████████████████ ; advising and communications with Gary Mastrogiovanni (OPE consultant) re suitors and marketing deck

8/11/16    2.8    Continue suitor list, schedule and marketing deck work; conference with J Deauville and K Thomas re ███████████████████████████████████████████████████████ ; advising re and conference with J Schenck, B Lowenstein, G Mastrogiovanni, J Deauville re task assignment and projects, stalking horse candidates, and bankruptcy proceeding and rules for week I'm gone

8/13/16    0.8    Status communications and advising re re projects and assignments; study B Shraiberg notices and schedule emails for planning for next week, IDI; study motion for payment of prepetition contractors

8/19/16    3.6    Study and give feedback for final draft of Schedules; Study Executive Summary and Marketing Deck to give feedback and finalize for stalking horse candidates; study remaining communications and US Trustee guidelines; study documents for IDI submission and communications with J Deauville, J Schenck, G Mastrogiovanni, B Shraiberg, E Pendergraft re same

8/21/16 2.5    Study, research and revise OPE Business Plan documents and executive summary

8/22/16 6.1    Finalize preparation of OPE Business Plan documents and executive summary; advising client re completion of Schedules, insurance, and IDI documents; study several finalizing versions of the documents for IDI and schedules; calls with E Pendergraft and Diana Woodall re IDI documents and schedules; advising re and conference with Betty Lou's re corporate status and business opportunities

8/23/16 1.1    Study prefiling documents; advising re and conferences with J Deauville and B Lowenstein re IDI document provision and completion; study IDI documents for completeness

8/25/16    0.4    Advising re and communications with B Lowenstein, J Deauville, and G Mastrogiovanni re business operations and possible new business opportunities in Korea and in online platforms

8/26/16    4.5    Further advising re and communications re new business opportunities; prepare for and attend meeting with brokers (Richard Shuster and Larry Healy); work on tax-related issues with J Schenck and B Lowenstein and J Deauville; new business meeting; advising re and communications about interim management solutions; communications with G Mastrogiovanni re his role and whether to continue with company

8/27/16    1.2    Advising re and interview with J Deauville and B Lowenstein of candidate for comptroller; troubleshoot financials and other information for ACM Capital Partners (James Martin) group; study and edit motion for Buratti PA to be special corporate counsel in the bankruptcy proceeding; same re J Buratti Affidavit

8/29/16    1.3    Finalize application to employ Buratti PA and Affidavit; build new organization chart; advising J Deauville, B Lowenstein and G Mastrogiovanni re Betty Lou's manufacturing and label changes; attempts to reach K Thomas re Alternative Lab's manufacturing; prepare and dispatch more efficient business structure and reports; advising re and communications with J Deauville and B Lowenstein re same

8/30/16    0.6    Work on orders and forecasts and specification sheets for Betty Lou's and Alternative Labs; advising re and conference with EVI re better prices for bulk chia; advising re and communications with Alternative Labs re changing supplier of bulk raw certified organic South American bulk organic chia

8/31/16    1.5    Coordinate and advising re assessment of missed prepetition creditors from unidentified file; confer with E Pendergraft re same; advise B Lowenstein re same; communications with EVI and Alternative Labs re chia seed business and changes to it for optimized process; team teleconference to address missed prepetition creditors

August Total    31.7

9/1/16    1.6    Advise re and conference with B Lowenstein, J Deauville re Ellen Show; communications to Ellen Show; communications with Alternative Labs re chia product prices; communications with R Schuster and J Deauville re financials and prospective purchasers; communications with E Pendergraft re financials, R Shuster communications; research re possible purchasers; review and edit list of internal possible purchasers; forward

1

**Buratti P.A. Detailed Billing Record (Redacted)**

| Date | Time | Description |
|---|---|---|

same to R Shuster; study communications with Betty Lou's re specifications and label issues for future production; make and send chain of custody document to J Deauville and G Mastrogiovanni

9/2/16    1.4    Call with R Shuster, B Lowenstein, J Deauville, J Schenck re financials and projections for sales format; communications with G Mastrogiovanni and J Deauville re termination of G Mastrogiovanni independent contractor agreement; clarify chain of custody document; call with Jim White, CFO of Betty Lou's about bankruptcy status; send J White the as-filed schedules; advising client regarding each of these matters

9/3/16    0.5    Study and revise V3.1 of ACM Capital Partners' Teaser for OPE sale; revise OPE organization chart and send instructions to J Deauville and B Lowenstein re implementation

9/4/16    1.3    Communications with B Lowenstein, J Deauville re ACM Capital Partners financial projections, new business, Betty Lou's and Alternative Labs, labeling, allergen warnings; initial review of B Lowenstein communications re allergen warnings and Alternative Lab information needed for greens powder for allergen warnings; Communications with B Lowenstein and J Deauville re G Mastrogiovanni in handling packaging items and reporting that all was okay until year end; send email to Kaylie Millay (representative to Betty Lou's) re documentation, allergens and specifications; advising client regarding each of these matters

9/5/16    1.4    Communications with B Lowenstein, J Deauville re hearing and initial conference, financial projections by ACM Capital Partners, Betty Lou's labeling and raw material needs; communications with Betty Lou's and Alternative Labs re raw material specification requirements and information; communications with J Deauville re G Mastrogiovanni termination as independent contractor; advising client regarding each of these matters

9/6/16    0.8    Further communications with Betty Lou's K Millay and K Thomas from Alternative Labs re raw material specifications and information for Betty Lou's; communications with B Lowenstein and J Deauville re same; communications with ACM Capital Partners and J Deauville and B Lowenstein re valuation and pro forma financial projections; research re same; advising client regarding each of these matters

9/7/16    0.5    Advising re and communications with ACM Capital Partners re call tomorrow re financials and with B Lowenstein and J Deauville re hearing today for SFLP (B Shraiberg's firm) application and initial conference; call with B Lowenstein and J Deauville re planning for creditor's meeting and hearing on motion for application of Buratti PA

9/8/16    3.5    Status communications with SFLP re meeting of creditors and claims barred date; review US Trustee Operating Guidelines; conference with OPE and ACM Capital Partners re financial projections and stalking horse candidates and business sale teaser and industry target list; research re industry targets; communications with E Pendergraft and B Shraiberg re ██████████████████████████; communications with B Lowenstein and J Deauville re same; advising client regarding each of these matters

9/9/16    0.7    Communications with ACM Capital Partners and OPE re financials for 363 sale; communications with B Lowenstein/J Deauville re ████████████████ ████████████████████; advising client regarding each of these matters

9/10/16    1.0    Advising and communications with J Deauville and B Lowenstein re B Lowenstein resigning her role with the company and planning for creditors meeting; advising re and communications with UNFI and The Fresh Market (The Fresh Market) regarding product placement at The Fresh Market

9/12/16    1.5    Communications with B Lowenstein/J Deauville re EXPO East trade show; communications and coordination re The Fresh Market; review of stalking horse candidates; communications with R Shuster re same; communications with Genuine Health (stalking horse candidate; ████████████████████ ████████; conference re Lauren (OPE sales representative) ████████████████████; advising client regarding each of these matters

9/13/16    2.0    Communications with B Lowenstein/J Deauville re ████████████████████ ████████████████████ and setting out plan for sale until only December 15; communications with The Fresh Market and UNFI re dispatching samples to keep The Fresh Market account; communications with R Shuster re support for OPE production line; communications with Genuine Health and Hains Celestial re sale of assets for introduction to ACM Capital Partners; further communications and strategy re UNFI and The Fresh Market generally; research re A/R for UNFI; advising client regarding each of these matters

9/14/16    2.2    Communications with B Lowenstein/J Deauville re Vitacost, stalking horse candidates, Genuine Health and Hains-Celestial, A/R, UNFI, The Fresh Market, EXPO East Trade show, Betty Lou's; communications with B Shraiberg re BL and critical vendor status and request; call with Vitacost rep re customer

**Buratti P.A. Detailed Billing Record (Redacted)**

Date              Time              Description

service issue and claim re lawsuit; confirmation emails re same; work on financials re UNFI A/R; advising client regarding each of these matters

9/15/16          7.4          Prepare for and attend 341 Meeting; debrief from meeting with B Lowenstein/J Deauville/J Schenck/B Shraiberg; site work with OPE:  interview employees, check systems, learn order process, go over projections and orders to submit orders, assess packaging needs, go over 363 sale objectives and goals, research and address Betty Lou's and Alternative Lab for sales and other needs, assess need for interim "C-Suite" from ACM Capital Partners

9/16/16          1.0          Study trust documents for purpose of advising company about ████████████ ████; further work on financials and needs for interim management; OPE-ACM Capital Partners-Buratti PA call re OPE financials and teaser and advise client re same

9/19/16          0.4          Call with James Meiers at Hain Celestial for possible stalking horse candidacy; communications with R Shuster re same; introductory email re same

9/20/16          0.4          Study latest version of teaser for sale; research re financials; work with break even calculator; study financial reporting form and communications with OPE team re deadline for filing tomorrow

9/21/16          1.6          Prepare for and attend hearing on motion to approve application of Buratti PA; study communications and history re Betty Lou's labelling issue; communications with B Lowenstein and J Deauville re label issue history and GM communications re same; study communication re discontinuing crisp SKUs; conference with J Martin re financials and strategies for 363 sale; conference with B Shraiberg re ██████████████ ████████████████████████████████████████████████████████████████████

9/22/16          3.6          Conference with B Lowenstein and OPE teams about ████████████; research FDA requirements for labeling; research and asses manufacturing requirements through 12/15; conference with R Shuster re financials and strategy and timing for 363 sale; study communications with B Lowenstein and G Mastrogiovanni and others re label issues; study communications with Alternative Lab re Betty Lou's request for information about bulk raw materials; provide answers to Betty Lou's re same; study motion to approve critical vendors

9/23/16          2.8          Conferences with J Deauville and Alternative Labs/K Thomas/Jenny Hite re recovery from shortage in powder product stock and recent, future, and forecast POs; research re accounting issues with Alternative Lab; ████████████████████████████████████████████████████████████ ████; consider DIP financing issues; conferences with B Shraiberg re ███████████████████████████

9/24/16          1.6          Conferences and communications with Alternative Lab; communications with J Deauville/B Lowenstein re strategy for ████████████████████████; research re Alternative Lab historical forecasting

9/25/16          0.3          Conference with J Deauville re K Thomas/Alternative Lab re Alternative Lab manufacturing obligations and commitments

9/27/16          0.6          Review communications with Betty Lou's re critical vendor motion; conference with Britta Warren, Betty Lou's outside counsel, re Betty Lou's critical vendor status; follow up with B Shraiberg re same; status call with J Deauville

9/28/16          3.9          Advising J Deauville/B Lowenstein re Betty Lou's raw materials inventory and meeting production needs and ████████████████████████████████████and updating new POs with Alternative Lab; communications with Eric Pendergraft re ████████████████████████████; further communications with B Lowenstein and J Deauville re Alternative Lab Purchase Orders and updates re bulk raw specs; communications with Alternative Lab and Betty Lou's re bulk raw specs and collecting information Betty Lou's requested; communications to possible acquirers of the assets through twelve different lines of connections to an estimated 20+ opportunities

9/28/16          2.2          Further communications to possible acquirers of the assets through several different lines of connections to an estimated dozen or more actual opportunities; communications with B Lowenstein/J Deauville re strategy, status, and progress of business contacts and sale and bankruptcy proceeding; conference with R Shuster re same; conference with B Shraiberg re same

9/29/16          1.5          Conference with Betty Lou's re Betty Lou's bulk situation and upcoming production runs, possible acquirers of assets; visit possible acquirer in Hallandale Beach; prepare for and coordinate all hands status, strategy and planning meeting

**Buratti P.A. Detailed Billing Record (Redacted)**

| Date | Time | Description |
|---|---|---|

9/30/16      0.5      Coordinate/conduct all hands status, strategy and planning meeting

10/1/16      0.8      Research and send emails to international contacts for enhancing sales profile of potential acquirers

10/2/16      0.3      Further communications with international business opportunities with buyers

10/3/16      1.6      Further communications with national and international opportunities with buyers; conference with R Shuster re same; communications with B Lowenstein/J Deauville re same; heads up to Christopher & Weisberg re sale of assets; research re Canadian sales candidates for sale; communications with Betty Lou's re operations; advising client re each of these matters

10/4/16      1.3      Further communications with national opportunities with buyers; work on responses to diligence requests from R Shuster; communications with G Mastrogiovanni re "six pack" bars opportunity; advising J Deauville/B Lowenstein re diligence materials; assess diligence materials; survey Comprehensive Agreement with Genuine Health; communications and research re Betty Lou's production

10/5/16      0.4      Further communications re Betty Lou's label and packaging issues; strategy discussion with J Deauville/B Lowenstein re Chapter 11 proceeding, status and strategy ██████████████████

10/6/16      0.8      Communications with Genuine Health and R Shuster re acquisition; further communications with domestic options for asset purchasers

10/7/16      1.3      Conference with Genuine Health re possible acquisition; communications with Betty Lou's and Alternative Lab re bulk raw stats

10/10/16      1.4      Communications with Betty Lou's re label and raw material issues; communications with J Deauville/B Lowenstein re same; communications with Alternative Lab re same; study amended schedules; communications with B Lowenstein re same

10/11/16      4.3      Advising and communications with J Deauville/B Lowenstein re all open issues, strategy, Alternative Lab production; communications with Alternative Lab re raw material inventory; communications with Christopher & Weisberg re pre-petition debt and docket report for TM portfolio; research re ████████████ ████████████████████; conferences with prospective buyers and G Mastrogiovanni re prospective buyers; communications with R Shuster re same; communications with J Deauville/B Lowenstein re same; address Christopher & Weisberg's decision to terminate representation; call with K Thomas re accounting issue resolved two months ago; communications re this accounting issue again; communications with J Schenck re same; communications with Foreign Associates re trademark work; communications with B Shraiberg re ██████████████████; work on Betty Lou's requests for information re raws

10/12/16      4.7      Attend to renewal of Swiss trademark; follow up on communications with K Thomas about J Schenck's positions on the accounting dispute; communications with B Lowenstein re TM filings and J Schenck response to K Thomas email about accounting; dealing with ████████████ █████████████████████████████; communications with J Schenck/B Lowenstein/J Deauville re same; further communications with potential US acquirers of the assets out of bankruptcy (four groups); relay them to R Shuster for broker address

10/13/16      2.1      Conferences with B Lowenstein/J Deauville re ████████████████████ █████████████████████████████████ and general strategy, orders, opportunities with the many suitors for the asset purchase; continued follow up with prospective buyers of assets; communications with R Shuster re same; work on financials; work on operations strategies and optimization

10/14/16      3.4      Communications with prospective European buyers of assets; further communications with domestic prospective buyers; research re distributors and prospective buyers; communications with J Deauville and B Lowenstein re the buyers; conference with R Shuster and prospective buyers; review Genuine Health "offer" and discuss strategy with R Shuster

10/16/16      0.4      Follow up research on suitors for assets

10/17/16      2.5      Communications with prospective suitors for company asset sale and for reorganization; communications with R Shuster re same; communications with J Deauville/B Lowenstein re same; communications and research with Dutch distributor re ordering products; communications with Alternative Lab re Dutch products; research re same; communications with BLs re documentation for bulk raw and labels; communications re MOR and planning and re J Schenck employment; study and feedback on amended schedules

10/18/16      3.1      Communications with prospective suitors for company asset sale and for reorganization; communications with R Shuster re same; communications with J Deauville/B Lowenstein re same; conference with

**Buratti P.A. Detailed Billing Record (Redacted)**

| Date | Time | Description |
|------|------|-------------|

Mischa Nagel re reorganization opportunity; communications with Betty Lou's re bulk formula documents; communications with Alternative Lab re Dutch production; communications with Alternative Lab re Betty Lou's request for F12 form; review amended schedules as filed; conference with Carmelina re asset purchase opportunity; advising client re each of these matters

10/19/16    1.6    Confirm approval of MOR; communications with connections to possible suitors for asset purchase; communications with Alternative Lab re Dutch production; conference and strategy for ███████ ████████ with J Deauville/B Lowenstein

10/20/16    1.5    Update project table for suitors; follow up communications with R Shuster re his status on projects; study possible suitors from distributor and manufacturer pools; research same; communications with B Lowenstein/J Deauville re same; communications with B Lowenstein re ██████████████████████████████; communications to domestic and international suitors for opportunity; Developed EBOOST suitor

10/21/16    0.5    Call with UK suitor; communications with Alternative Lab/B Lowenstein/Betty Lou's re bulk raw material specs and documentation;

10/23/16    0.6    Conference and strategic consideration re stalking horse candidates in view of J Deauville instructions not to replace C-Suite; further communications that modify that instruction

10/24/16    3.1    Follow up communications with suitors; research additional suitors for possible 363; meeting with ACM Capital Partners and suitor; meeting with ACM Capital Partners re change out C-Suite; communications with and about Alternative Lab and BLs and bankruptcy; study Alternative Lab filing; research Alternative Lab lawyer; conference with E Pendergraft re Alternative Lab lawyer; communications concerning possible replacement C-Suite team with OPE and ACM Capital Partners

10/25/16    2.9    Follow up communications with suitors - comprehensive set; communications with Alternative Lab re bulk raw information and form F-12; communications with new suitors; conference with J Deauville/B Lowenstein re ███████████████████████████████; communications with B Lowenstein re ████████████████████████████████████, including importance of staying on plan for December 15; further communications re possible C-suite level team with OPE and ACM Capital Partners; update suitors progress table

10/25/16    n/c    Modify engagement compensation structure in view of add on obligations and expectations

10/26/16    n/c    Continue work on modified engagement and motion

10/26/16    1.4    Update project table for suitors and communications with R Shuster re same and his table; research steps to update counsel and requirements to revoke/appoint counsel for trademark practice before USPTO; communications with J Deauville/B Lowenstein re same; communications with B Shraiberg re same; communications with Christopher & Weisberg re same

10/29/16    0.4    Conferences (separate) with B Lowenstein and J Deauville re ████████████████████████████████████████████████████████████

10/31/16    1.0    Further conference with B Lowenstein and J Deauville re meetings last week and ███████████████████████████████████; research and communications re Betty Lou's and Alternative Lab supply of products; strategic planning for same; update suitors progress table; finalize and send to BLs the documents from Alternative Lab on the bulk; telephone conference with Betty Lou's re same; telephone conference with J White and B Warren from Betty Lou's re bankruptcy proceeding and diligence process/procedures

11/1/16    0.4    Preliminary review of Alternative Lab's latest accounting; text messages with K Thomas re same; communications with B Lowenstein/J Deauville re same

11/2/15    1.0    Communications with Holland Pharma re Dutch product; communications with Alternative Labs re same; conference call with Paula, B King and K Millay at Betty Lou's re bulk raw documentation, listeria testing, and non-GMO certification or statement; advising client re each of these matters

11/3/16    3.8    On site meeting OPE re business and proceeding strategy and status and general objectives and financials for ████████████████████████████████; Communications with prospective suitors; bankruptcy strategy meeting; research and analysis of financials for decision making with J Deauville/B Lowenstein; further meetings re same

**Buratti P.A. Detailed Billing Record (Redacted)**

| Date | Time | Description |
|---|---|---|
| | | |

11/4/16    1.6    Communications with prospective suitors; pitch West Palm Beach Angel Investors on asset sale

11/5/16    2.5    Communications with B Lowenstein/J Deauville re status and strategy for bankruptcy and ███████████████████████████████████████████████████████; study Communications from K Thomas/Alternative Labs re non-GMO and listeria testing for Betty Lou's bulk powder; study accounting information from Alternative Labs; Communications with J Deauville/B Lowenstein re same; review file on ACM Capital Partners re Genesis Today communications and conversation with Bill Meissner (CEO) about ACM and to pitch for suitor; Communications to R Shuster, J Martin, B Lowenstein re ACM dropping the ball on the Genesis Today suitor and ████████████████████████████████████████████████████████████████████

11/6/16    1.4    Craft and finalize response to Alternative Labs re listeria and non-GMO and prepare agenda for call tomorrow; conference with B Shraiberg re proceeding and ██████████████; study accounting information from J Schenck and provide follow up questions to B Lowenstein

11/7/16    3.6    Prepare for and conduct call with J Deauville and Alternative Labs re production schedule, forecasts, Dutch and UK Productions, accounting issues, listeria testing, non-GMO project, Production schedule, forecasts and POs; research non-GMO Project status and documents; work on Dutch and UK sales numbers; conference with B Lowenstein, J Martin, R Shuster re performance on sales work and proceeding and strategy; communications with J Deauville/B Lowenstein re same; Communications with suitors re possible sale; advising client re each of these matters

11/8/16    1.5    Start conversation with B Lowenstein/J Deauville re sales reps and their comp; Communications with J Deauville/B Lowenstein re Genuine Health counter offer; convey same to ACM; Communications with Holland Pharma and Dr. Christian re Dutch and UK orders respectively; Communications with prospective suitors to obtain samples; Communications with Alternative Labs re all open issues (accounting issues, listeria testing, non-GMO project, Production schedule, forecasts and POs); Communications with Mark Terry (new Trademark Counsel) and J Deauville (separately) about new trademark counsel; Communications with E Pendergraft re same

11/8/16    n/c    Study and revise motion to amend application to employ Buratti PA as special counsel; Communications with J Deauville and E Pendergraft re same

11/9/16    2.2    Communications with B Shraiberg/E Pendergraft re Alternative Labs accounting issue; Communications with Jordan Rappaport (J Rappaport) re same; Communications with B Shraiberg; study sales representative agreements and consider money saving strategies; Communications with potential suitors re production schedule, forecasts, Dutch and UK Productions; study sales representative contracts

11/10/16    3.1    Conference with J Rappaport, B Shraiberg, E Pendergraft re Alternative Labs non-GMO and accounting issues; Communications with Alternative Labs re remaining issues; conference with J Deauville/B Lowenstein re ACM and Alternative Labs; Communications with Betty Lou's re packaging; Communications with E Pendergraft and B Shraiberg re ACM and case status and accounting issue with Alternative Labs; Communications with J Schenck and E Pendergraft re █████████████████████████; conference with ACM and J Deauville re Genuine Health and general strategy and "Plan B" reorganization launch December 15; study communication from Alternative Labs cancelling shipment to Betty Lou's of bulk tomorrow despite prior promises to deliver; convey same to J Rappaport and B Shraiberg; Communications with Genesis Today re offer

11/11/16    3.0    Conference with B Lowenstein re Alternative Labs, Betty Lou's, production schedules, bulk schedule, non-GMO/Listeria issues, alternate vendors, suitors for assets, J Deauville state of mine, B Lowenstein stepping out of strategy; help J Deauville Communications to Alternative Labs re apparent effort to quit OPE; Communications with Betty Lou's re production and bulk; Communications with ACM re mission and powder manufacturer; Communications with ABH Pharma alternative powder manufacturer; send them NDA; review materials from ABH Pharma and Communications with J Deauville/B Lowenstein re ABH Pharma; conference with J Deauville re overall planning and strategy; engineer Communications to Alternative Labs re

**Buratti P.A. Detailed Billing Record (Redacted)**

Date            Time            Description
keeping up and making non-GMO project; further Communications with suitors; Communications to coordinate plan b meeting
11/12/16        0.4        Prepare for and conduct call with Genesis today; conference with J Deauville re Genesis Today, Alternative Labs and "plan b" meeting; Communications with R Shuster re plan b meeting; Communications with ABH Pharma re formulations for possible new powder manufacturer
11/14/16        1.6        Communications with ACM and B Shraiberg/E Pendergraft re plan b meeting; Communications with J Deauville/B Lowenstein re Alternative Labs, marketing and sales, Chef Devin; Communications with E Pendergraft/B Shraiberg re Alternative Labs; Communications with J Rappaport re OPE rights and remedies for refusal to work by Alternative Labs; Communications with ABH Pharma re formulation; further Communications with J Rappaport re OPE business and Alternative Labs "issues"; research re same; Communications with short expiration stock sales candidates to liquidate inventory
11/15/16        2.0        Update suitors table for asset sale; advise client of need for changing to alternative bankruptcy estate in view of recent exits by suitors; continued discussions with prospective suitors; Communications with ACM re same; conference with J Deauville re Alternative Labs situation, Betty Lou's orders, general state of the business and planning and strategy; Communications with Betty Lou's re request for critical vendor status; Communications with E Pendergraft re same and re interim motion for compensation and Buratti PA Hearing to approve compensation (time not charged) and re motion to approve special trademark counsel; work and communications to sell short (3 month) expiring stock of bars; Communications with prospective suitors; Communications with J Rappaport and E Pendergraft re Alternative Labs issues; Communications with E Pendergraft re accounting issue with Alternative Labs
11/16/16        2.5        Study sales representatives contracts and consider and develop strategy for ███████ ███████████████████████████████; Communications with J Deauville/B Lowenstein re same; Communications with R Shuster re Hygea and Alternative Labs; Communications with B Shraiberg/J Deauville re Alternative Labs and Hygea; communications to sales reps who's agreements are ending today; prepare communications to other sales reps; conference with Betty Lou's re packaging, production schedule, bulk documents from Alternative Labs; prepare for meeting tomorrow with ACM; Communications with prospective angel investors and DIP financers
11/17/16        4.4        Prepare for and conduct meetings with (a) ACM re shared services and DIP financing and (b) B Shraiberg re ██████████████████████████; research re ██████████████████; prepare for and conduct meeting with Alternative Labs re all open issues; follow up Communications re same; Communications with Betty Lou's re bulk material information; conferences with J Deauville/B Lowenstein re ███████████████████████; conferences with E Pendergraft re ██████████

11/18/16        0.7        Conference with J Deauville/B Lowenstein re ██████████████████████ ████████████████

11/19/16        1.3        Meeting with Spivak and Estrela re asset purchase or DIP financing; study Alternative Labs documentation re bulk greens for bars
11/20/16        1.5        Communications with Alternative Labs re documentation for bulk greens for bars; Communications with BL re Alternative Labs materials; Communications with Betty Lou's reporting all Alternative Labs materials re bulk and re production schedule, deposits, and packaging; Communications with B Lowenstein re ████████████████████████████████████████; Communications with J Schenck re accounting; Communications with Alternative Labs re accounting; conference with sales rep Steven Cohen
11/21/16        0.5        Study shared services proposal by ACM; communications with Spivak and Estrela re business diligence; Communications with Alternative Labs and  (separately) re accounting materials; Communications with Steven Cohen and J Deauville re meeting and sales push in January
11/22/16        1.5        Communications with Estrela and Spivak re DIP financing, sales representatives, and strategy; conference with packaging manufacturer re general status of company and production schedules and new business opportunities; conference with B Lowenstein re case; communications with Alternative Labs re chia seeds; communications with Luis Echeverria re chia seeds
11/23/16        1.0        Communications with K Thomas re POs, deposit schedule, documentation; Communications with J Deauville/B Lowenstein re general proceeding strategies and business strategies and DIP

**Buratti P.A. Detailed Billing Record (Redacted)**

Date            Time            Description

financing; Communications with Spivak and Estrela re business opportunity; conference with Chris De Senzo re sales representative status

11/25/16        1.5        Communications with Ryan Schierts re sales representative status; Communications with Michael Hornfeld re terminated sales representative relationship; Communications with UNFI re organic products; Communications with B Lowenstein re same; conference with J Deauville/B Lowenstein re ▮▮▮▮▮▮

11/26/16        1.0        Communications with Alternative Labs re production schedule, deposits, and labels; Communications with Kimberly Stratos re marketing position; Communications with B Lowenstein and J Deauville re ▮▮▮▮▮▮; update sales representative table for the recent communications and contacts

11/27/16        0.9        Communications with J Deauville/B Lowenstein re ▮▮▮▮▮▮ and B Lowenstein family emergency; Communications with ACM re amended shared services proposal

11/28/16        1.5        Communications with Alternative Labs re deposit schedule and ingredient statement for G94 bulk; research and Communications with ACM re shared services agreement; conference with K Thomas re DIP financing and production and deposits and payment on last invoice; advising client re each of these matters

11/29/16        1.7        Study all interim communications re Alternative Labs and Betty Lou's; conference with J Deauville re business matters and shared services from ACM Capital Partners; communications with sales representatives; update sales representative table; communications and preparation for meeting with Estrela and Spivak; conference with J Deauville, L Healy and R Shuster re shared services proposal; Communications with Betty Lou's re packaging changes

11/30/16        3.8        On site meeting OPE, Spivak, Estrela; communications with DIP financing strategic partners and angel investors; research and attend to issues relating to re-printing and re-designing packaging materials for the bar packaging; advising client re each of these matters

11/30/16        n/c        Prepare for and attend hearing on amended petition to approve Buratti PA

12/1/16 0.3        Conference with A Bottene re DIP financing solution proposal from him; conference with J Deauville and B Lowenstein re ▮▮▮▮▮▮

12/2/16 0.5        Conference and emails with B Lowenstein advising re ▮▮▮▮▮▮; communications with ACM R Shuster re shared services call and DIP financing proposal; conference with K Thomas re Alternative Labs product production and wire transfer rather than check and shipment of partial shipment for ensuring that no out of stock results on Monday to Wednesday next week

12/3/16        0.4        Communications with UNFI re organic certificates; communications with Nason Yeager firm (OPE's prior counsel) to inquire about ▮▮▮▮▮▮; advising client re trust documents and UNFI

12/4/16        0.8        Meeting with Mischa Nagel regarding possible licensure to make and distribute Greens+ in EU; communication with possible UK licensee

12/5/16        0.3        Communications with Alternative Labs, Betty Lou's and UNFI regarding certification documents for various products; study court documents from recent hearings

12/6/16        1.6        Prepare for and conduct meeting with M Nagel regarding prospective license to make and distribute Greens+ in EU

12/7/16        3.0        Study ▮▮▮▮▮▮; report results of study to B Shraiberg, J Deauville and B Lowenstein; study correspondence from during my trip to identify action items upon return; further communications with B Lowenstein re addressing ▮▮▮▮▮▮; study, mark up and report for discussion Estrela DIP financing proposal; communications with Nathan Nason, Esq. re ▮▮▮▮▮▮; communications with B Shraiberg and new DIP financing candidate

12/8/16        2.1        Conferences with ACM and Estrela re proposals for DIP financing; study proposals and redrafts of proposals; conferences with J Deauville and B Lowenstein re proposals and general strategy; communications with Alternative Labs and B Lowenstein re Alternative Labs and general state of production of materials and products; communications with Betty Lou's regarding production and certificates of analysis and other business items; communications with UNFI re organic certificates; communications with Betty Lou's re same; conference with N Nason re ▮▮▮▮▮▮

**Buratti P.A. Detailed Billing Record (Redacted)**

Date              Time              Description

12/9/16          1.2          Conferences and communications and studies concerning ████████████; communications with Alternative Labs and Betty Lou's regarding product documentation needs and schedules; communications with J Deauville and B Lowenstein re ████████████████; conference with A Bottene re DIP financing proposal and operational strategic alignment; conference with B Shraiberg re next steps for DIP financing

12/10/16        0.4          Conferences with J Deauville and B Lowenstein re trust documents, DIP financing, overall strategy, ACM; ████████████

12/11/16        0.5          Conference with angel investor to negotiate an investment; conference with J Deauville and B Lowenstein re ████████████████, topics for getting B Shraiberg to advise about tomorrow, preparation for meeting tomorrow, ████████ and meeting with N Nason

12/12/16        3.0          Fresh review of ACM agreement; conference with B Shraiberg re ████████; review deal room documents; prepare for meeting with HRH Boca; meeting with DIP financer (new team); meetings with J Deauville and B Lowenstein and B Shraiberg re bankruptcy strategy and process/options for DIP financers; meeting with new DIP financer candidate re options to structure investment

12/13/16        0.3          Study and report on sales representative commission and/or retainer status based on contracts for B Lowenstein

12/14/16        7.1          On-site work and advising re ████████████████ ████; communications with Alternative Labs and Betty Lou's re production schedule and shipments of bulk G94 powder; meetings with DIP financing candidates from Estrela and part of negotiation of possible solutions; meeting with DIP financing candidates HRH Boca re possible deal structures; top level strategy discussions regarding ████████; research re DIP financing candidates HRH Boca/HHH Financial; outlining company's desired terms for DIP financing for benefit of creditors and company's future existence

12/15/16        4.1          Meetings with HRH Boca DIP financer candidate and G Hansen DIP Financer candidate; communications with J Deauville, B Lowenstein, Alternative Labs, and Betty Lou's regarding various business/legal matters that remain open; prepare open items task list with B Lowenstein; terminate ACM for broker efforts; close efforts previously aimed at 363 Sale; identify whom to notify that the assets are no longer for sale in this manner; begin to outline DIP financing offers for comparison