

**ORDERED in the Southern District of Florida on February 1, 2017.**

Erik P. Kimball, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

ORANGE PEEL ENTERPRISES, INC.,                    Case No. 16-21023-EPK

   Debtor.                                                          Chapter 11
_____/

**ORDER GRANTING EXPEDITED MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING THE SALE OF THE ASSETS OF ORANGE PEEL ENTERPRISES, INC. FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES; (B) APPROVING BREAK-UP FEE; (C) APPROVING SALE PROCEDURES AND SCHEDULING AN AUCTION TO ACCEPT HIGHER AND BETTER BIDS; (D) APPROVING THE NOTICE OF SALE; (E) AUTHORIZING PROCEDURE FOR ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (G) SCHEDULING HEARING TO APPROVE SALE ARISING OUT OF AUCTION**

THIS MATTER came before the Court for hearing on January 30, 2017, upon the *Debtor's Expedited Motion for (I) Order: Approving Sale Procedures, Break-Up Fee, Form and Manner of Sale Notice, Manner of Assumption and Assignment of Executory Contracts and Unexpired Leases, and Setting Final Hearing Thereon; and (II) Final Order Approving Sale*

*Free and Clear of All Liens, Claims, Encumbrances and Interests, Authorizing the Assumption and Assignment of Certain Executory Contracts, and Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [ECF No. 94] (the "Motion") filed by Orange Peel Enterprises, Inc. (the "Debtor").

The Court, having reviewed the Motion, for the reasons stated on the record, and being otherwise advised in the premises, does **FIND** and **CONCLUDE** as follows:

A. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and this matter constitutes a core proceeding under 28 U.S.C. § 157(b);

B. Written notice of the Motion has been provided to all interested parties entitled to receive notice under the Federal Rules of Bankruptcy Procedure; and

C. The Debtor has relied upon sound and adequate factual and legal bases in support of the relief sought in the Motion and raised at the hearing.

It is therefore **ORDERED** that:

1. The Motion [ECF No. 94] is **GRANTED** as modified herein.

2. The Sale Procedures[1] set forth in the Motion, as well as the sale notice (the "Sale Notice") attached to the Motion as **Exhibit C**, are **APPROVED** as modified herein and subject to the terms and conditions of this Order

3. The Break-Up Fee is **CONDITIONALLY APPROVED** and capped at $50,000, in accordance with the terms of Sections 1.1 and 4.2 of the Agreement, provided that the Buyer provides proof to the Court at the Sale Approval Hearing, or subsequent hearing, the amount of actual expenses incurred by the Buyer. To the extent the Buyer seeks a Break-Up Fee in excess of $50,000, the Buyer shall a file a pleading with the Court stating its intent to seek such a Break-Up Fee by no later than February 24, 2017. The United States Trustee and/or any creditor

---

[1] Capitalized terms shall have the meanings ascribed to them in the Motion unless otherwise defined herein.

is entitled to object at the Sale Approval Hearing to any portion of such Break-Up Fee in excess of $20,000 on grounds that the actual expenses incurred by the Buyer are not reasonable and/or that such actual expenses did not benefit the Debtor's estate.

4. The procedure set forth in the Motion for the assumption and assignment of executory contracts and unexpired leases is **APPROVED.** No later than three days following the entry of this Order, the Buyer may file, via a notice of filing, a list of all unexpired leases and/or executory contracts it seeks to have the Debtor assume and assign to the Buyer. No later than one day thereafter, the Debtor shall provide notice of such requested assumption and assignment, in the form attached to the Motion as **Exhibit D**, as well as copies of the Agreement and this Order to counterparties to such agreements, along with respective cure amounts, if any, with an opportunity to object to such requested assumption and assignment. If the Buyer is the successful bidder, the Court will consider approval of the Debtor's assumption and assignment of the unexpired leases and executory contracts so designated by the Buyer at the final hearing to consider approval of the Agreement. If another qualified bidder, pursuant to the Sale Procedures, submits an executed agreement to the Debtor designating any unexpired leases and/or executory contracts to be assigned and assumed, and thereafter such bidder becomes the successful bidder, the Debtor may file a separate motion seeking the Bankruptcy Court's approval of the assumption and assignment of such leases or contracts to successful bidder.

5. Due diligence shall be coordinated through counsel for the Debtor.

6. The Purchased Assets will be offered for sale at an auction (the "Auction"), with a minimum initial purchase price of $365,000.

7. The Purchased Assets will be sold free and clear of all liens, claims, encumbrances and interests.

8. The Auction shall be conducted at the **United States Bankruptcy Court, Flagler**

**Waterview Building, 1515 N. Flagler Drive, Room 801, Courtroom B, West Palm Beach, Florida 33401 on February 22, 2017 at 1:30 pm. EST**.

9. At the Auction, Qualified Bidders may make competing bids to purchase the Assets, in minimum bid increments of $10,000. The Auction shall conclude when the Debtor receives what it considers to be the highest and best offer to purchase the Assets (the "Successful Bid"). The Debtor may also identify an acceptable back-up bidder.

10. **The Court will conduct a hearing to approve the sale arising out of the Auction, or the Agreement, as applicable (the "Sale Approval Hearing") immediately following the Auction.**

11. At the Sale Approval Hearing, the Debtor will seek the entry of an order (the "Final Sale Order") from the Bankruptcy Court: (i) approving and authorizing the proposed sale(s) free and clear of all liens, claims, encumbrances, and other interests to the successful bidder; (ii) finding that, pursuant to 11 U.S.C. §363(m), the successful bidder is a good faith purchaser who is afforded all protections thereunder; (iii) finding that the Debtor and successful bidder have entered into the related transaction without collusion, in good faith, and from arm's-length bargaining positions, and that neither party has engaged in any conduct that would cause or permit the sale contract to be avoided under §363(n); and (vi) addressing such other matters as the Court deems appropriate.

12. Within two days following the Court's entry of the Final Sale Order, the successful bidder and Debtor shall fully execute a sale agreement for the sale of the Purchased Assets.

13. The 14-day stay imposed by 11 U.S.C. § 6004(h) is hereby **WAIVED** as to all Qualified Bidders so that the Final Sale Order is immediately effective upon entry.

14. The Closing of the sale approved by the Court at the Sale Approval Hearing shall occur on or before February 28, 2017.

15. The Court will retain jurisdiction to enter any Order that may be necessary or reasonably requested with respect to the sale of the Purchased Assets.

16. A person may be qualified to participate in the Auction if by the bid deadline of **4:40 p.m. EST on February 20, 2017** (the "Bid Deadline"), the following are provided:

   a. A deposit of $150,000.00 (the "Deposit") in the form of a cashier's check or other immediately available funds;

   b. An executed asset purchase agreement evidencing a written offer and substantially in the form of the Agreement. The executed agreement must be on the same or more favorable terms in the aggregate to the Debtor as the terms set forth in the Agreement, and must not be subject to termination except on the same terms set forth in the Agreement. The executed agreement shall designate any unexpired leases and/or executory contracts that the bidder wishes to have the Debtor assume and assign to it as part of the sale. The executed asset purchase agreement shall provide for the purchase of, at a minimum, the Purchased Assets.

   c. Evidence demonstrating the ability to fund and timely close the contemplated transaction that is acceptable to the Debtor. Such information may include, at a minimum, financial statements, bank account statements or other documents of such potential purchaser establishing its financial ability to timely close the transactions contemplated in the offer.

(collectively, the "Qualifying Bid Packet"). Any person interested in submitting a Qualifying Bid Packet may contact the Debtor's counsel to obtain a Microsoft Word version of the Agreement.

17. Qualifying Bid Packets must be delivered with the items described above no later than **4:40 p.m. EST on February 20, 2017** to: the Debtor c/o Bradley Shraiberg, Esq., Shraiberg, Ferrara, Landau & Page, P.A., Counsel for Debtor, 2385 NW Executive Center Dr., Suite 300, Boca Raton, Florida 33431, Facsimile No. (561) 998-0047.

18. The Buyer shall be deemed a Qualified Bidder without regard to the preceding paragraphs.

19. Prior to the Auction, the Debtor shall evaluate each Qualifying Bid Packet submitted in accordance herewith. In the event a person qualifies as a Qualified Bidder, the Debtor shall immediately notify and inform such person that it may participate in the Auction and also immediately inform the Buyer of the identity of the Qualified Bidder.

20. Any such Qualified Bidder consents to its bid being designated as a back-up bid ("Back-Up Bid").

21. All bids at the Auction shall be "firm offers" for the Purchased Assets and shall not contain any contingencies to the validity, effectiveness, necessary consents or approvals, and/or binding nature of the offer, including, without limitation, contingencies for due diligence, inspection or financing.

22. Each Deposit shall be maintained in a **non-interest** bearing account and subject to the jurisdiction of this Court. Within five (5) business days from the entry of an order approving the Sale, the Debtor shall return all Deposits to all bidders except the person who submitted the Successful Bid (the "Successful Bidder") or the person who submitted the Back-Up Bid (the "Back-Up Bidder"). In the event that the Successful Bidder closes the Sale (a) the Deposit of the Successful Bidder shall be applied by the Debtor against the purchase price at the closing and (b) the Debtor shall return the Back-Up Bidder's Deposit within five (5) business days from the closing. In the event the Back-Up Bidder closes on the purchase of the Assets its Deposit shall be applied by the Debtor against the purchase price.

23. A Qualified Bid will be valued based upon, among other things, the following factors: (a) the purported amount of the Qualified Bid, including any benefit to the Debtor's

bankruptcy estate from any assumption of liabilities of the Debtor; (b) the ability to close the proposed sale transaction without delay and within the time frames contemplated by the Agreement; and (c) any other factors the Debtor may deem relevant.  Competitive bidders do not need to provide Jude Deauville with any compensation, employment, employment agreement, or ownership interest in the successful bidder ("Deauville Compensation"), and the determination as to whether a bid constitutes the highest and best offer shall not consider the presence or absence of Deauville Compensation. However, Mr. Deauville shall not be required to provide any party with a non-compete agreement as part of the asset sale.

24. All bidders and the Buyer shall be deemed to have consented to the core jurisdiction of this Court and to have waived any right to a jury trial in connection with any disputes relating to the Auction and/or the sale.  All asset purchase agreements shall be governed by and construed in accordance with the laws of the State of Florida.  All bidders and the Buyer shall be bound by their bids until conclusion of the Auction.  If the Successful Bidder is unable or unwilling to close the sale, the Successful Bidder shall forfeit its Deposit to the Debtor and the Debtor shall close the Sale with the Back-Up Bidder, without further notice or hearing, who shall then be obligated to close the Sale on the terms of the Back-Up Bid and the corresponding Bidder's asset purchase agreement no later than two (2) days thereafter.  If the Back-Up Bidder, if any, is unable or unwilling to close the Sale in the time permitted, the Back-Up Bidder shall forfeit its Deposit to the Debtor.

25. In the event the Debtor fails to receive a Qualified Bid, the Debtor shall cancel the Auction and seek final approval of the Sale of the Purchased Assets to the Buyer at the Sale Approval Hearing.

26. The Debtor shall provide by e-mail; facsimile and/or U.S. Mail written notice of

the Auction, the bidding procedures, and the Sale Approval Hearing to: (a) those persons who in any way contacted Debtor or any of its representatives regarding the sale of the Assets; (b) those persons who the Debtor has reason to believe may possess an interest in purchasing the Assets; (c) the U.S. Trustee; (d) counsel to the Purchaser; (e) the Internal Revenue Service; (f) parties to executory contacts and leases with the Debtor; (g) all other parties who have filed a notice of appearance; and (h) all other creditors.  The notice shall include a form substantially identical to the Sale Notice, as modified by this Order, and shall also include a copy of the Agreement.

###

Submitted by:

Eric Pendergraft, Esq.
**SHRAIBERG, FERRARA, LANDAU & Page, P.A.**
Attorney for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047

Copies to:

Eric Pendergraft

*Eric Pendergraft is directed to serve a copy of this Order to all interested parties immediately upon receipt and shall file a certificate of service with the Clerk.*